IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 5 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Respondent, | § § § | MISCELLANEOUS |
| vs. | § § | C.R. NO. B-03-015 |
| JOHNIE WISE, Applicant. | § § § § | |

GOVERNMENT'S RESPONSE TO APPLICATION
TO CONVENE A FEDERAL GRAND JURY
MOTION FOR DISMISSAL AND BRIEF

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, hereinafter "the Government," by and through the United States Attorney for the Southern District of Texas, files this Motion to Dismiss the Application of this convicted felon requesting this court to convene a federal grand jury so he can present evidence that essentially attacks his federal conviction via frivolous allegations of impropriety by the federal judge and federal officials who were involved in his federal conviction. In support thereof, the United States respectfully shows the court the following:

I.

STATEMENT OF THE CASE

On August 4, 1998, in the United States District Court for the Southern

District of Texas, Brownsville Division, a grand jury returned a superseding indictment charging Johnie Wise ("Wise") with conspiracy to use or attempt to use a weapon of mass destruction in violation of 18 U.S.C. §§ 2332a(a)(2) and (c)(2)(C) (Count 1), and seven additional counts of threatening to use a weapon of mass destruction in violation of 18 U.S.C. §§ 2332a(a)(2) and (c)(2)(C) and 2 (Counts 2-8). (Dkt 22).[1] Then-Assistant United States Attorney Mervyn Mosbacker prosecuted the case and a jury convicted Wise on counts five and six. (Dkt 194). On February 5, 1999, the district court, the Honorable Hilda G. Tagle presiding, sentenced Wise to 292 months imprisonment, five years supervised release, and a $200 special assessment. (Dkt 231). The judgment was entered on February 16, 1999. (Dkt 244).

Wise appealed his case raising a multitude of issues. *United States v. Wise*, 221 F.3d 140, 151-52 (5th Cir. 2000), *cert. denied*, 532 U.S. 959, 121 S.Ct. 1488 (2001). The Fifth Circuit rejected his claims and affirmed the judgment on July 31, 2000. *Id.* He petitioned the Supreme Court to consider his case, but the Supreme Court denied his petition on April 2, 2001. *Id.*

Although Wise failed to file a motion challenging his judgment of conviction

---

[1] "Dkt" refers to the district clerk's docket sheets in case number B-98-415. The number following is the item number.

and sentence under 28 U.S.C. § 2255, he has filed at least three other "motions" challenging certain aspects of his judgment of conviction and sentence. (Dkt 271, 275, 278). Judge Tagle issued orders denying each. (Dkt 276, 279). The present action is yet another attack on his judgment albeit under the guise of an "application" to convene a grand jury.

II.

## SUMMARY OF WISE'S PRESENT MOTION

Wise filed this "application" asking this Court to convene a federal grand jury so that "the Applicant may present evidence" of certain alleged wrongful acts. He implicates Judge Hilda G. Tagle, Mr. Mervyn Mosbacker (previous United States Attorney for the Southern District of Texas), two FBI agents and the confidential informant, all of whom were involved in his criminal conviction. His allegations span the criminal horizon from fraud and racketeering to abuse of authority and violations of the Oath of Office. Each and every allegation draws its life from the criminal process resulting in his criminal conviction. He claims authority for his "application" under Rule 6 of the Federal Rules of Criminal Procedure, the First and Fifth Amendments to the United States Constitution, and 18 U.S.C. § 3331. He also claims in a footnote that the "All Writs Act," 28 U.S.C. § 1651, permits this Court to act on his request.

III.

THE GRAND JURY

**A. History and development:**

The American grand jury originated from English law, and its use has slowly evolved over time. Originally, 12 men were selected out of every 100 and were required under oath to reveal whether any local people had committed a number of specified crimes. George J. Edwards, The Grand Jury 5 (1906). The 12 men would turn over their list of people accused of crimes to circuit riders known as sheriffs for enforcement purposes. *Id*. The grand jury became a distinct entity from the petit jury by the middle of the fourteenth century. The Oxford Companion to the Supreme Court of the United States, 344 (Kermit L. Hall ed. 1992). The modern form dates back to Edward III's appointment of 24 "knights" in 1368 to an inquisitorial and accusatory board in each English county. *Id*. The role of the original "12 men" was converted to petit juries for the purpose of rendering innocent or guilty verdicts in capital cases while the "24 knights" role was to authorize commencement of criminal prosecutions. Mark Kadish, *Behind the Locked Door of an American Grand Jury: Its History, its Secrecy, and Its Process*, 24 Fla. St. U.L. Rev. 1,8 (1996). The process also utilized third persons, draftsmen, to draw up charging documents - these draftsmen were servants of the king.

4

Historically, the grand jury has been regarded as a "primary security to the innocent against hasty, malicious and oppressive persecution" standing between the accuser and the accused and determining "whether a charge is founded upon reason or was dictated by an intimidating power or by malice and personal ill will." *Wood v. Georgia*, 370 U.S. 375, 390, 82 S.Ct. 1364, 1373 (1962) (citations omitted). The role of the grand jury is generally viewed as dual-hatted: "determining if there is probable cause to believe that a crime has been committed and ... protecting citizens against unfounded criminal prosecutions." *Branzburg v. Hayes*, 408 U.S. 665, 686, 92 S.Ct. 2646, 2659 (1972). The role of a federal grand jury was so important to the American judicial system that it was included in the Fifth Amendment to the U.S. Constitution. The Fifth Amendment states that "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury,..." The grand jury holds a high place as an instrument of justice in being the sole method for preferring charges in serious criminal cases under the Constitution. *Branzburg v. Hayes,* 408 U.S. at 687, 92 S.Ct. at 2660. As the grand jury's task is "to inquire into the existence of possible criminal conduct and to return only well-founded indictments, its investigative powers are necessarily broad." *Id.*

**B. Authority over the Grand Jury and Rules governing the Grand Jury:**

Although neither the Constitution nor statutory authority defines the scope of grand jury functions, "it was established early on by the judiciary that the authority to summon grand juries was a corollary of the criminal jurisdiction of the federal courts." *United States v. Christian*, 660 F.2d 892, 897 (3rd Cir. 1981). Nevertheless, grand juries are not "creatures of the court" as the court's power over them is guided by rules and statutes. *Id.* at 898.

Rule 6(a) of the Rules of Criminal Procedure states that "the court must order that one or more grand juries be summoned" when the public interest so requires. Rule 6(d)(1) limits those who may be present while the grand jury is in session to attorneys for the government, the witness being questioned, necessary interpreters, and a court reporter. Rule 1(b)(1) defines "attorney for the government" as follows: (A) the Attorney General or an authorized assistant; (B) a United States attorney or an authorized assistant; (C) in cases under Guam law, the Guam Attorney General or other person whom Guam law authorized to act in the matter; and (D) any other attorney authorized by law to conduct proceedings under these rules as a prosecutor.

In addition to the general grand jury, certain district court's have authority to summon a "special grand jury." 18 U.S.C. § 3331(a). A district court has such authority if it is "located in a judicial district containing more than four million

inhabitants or in which the Attorney General, the Deputy Attorney General, the Associate Attorney General, or any designated Assistant Attorney General, certifies in writing to the chief judge of the district that in his judgment a special grand jury is necessary because of criminal activity in the district." *Id.* A district court's discretion to convene or not to convene a special grand jury is not reviewable on appeal. *Petition of A & H Transportation, Inc.*, 319 F.2d 69, 71 (4th Cir. 1963). The Federal Rules of Criminal Procedure that apply to regular grand juries, also applies to special grand juries. 18 U.S.C. § 3334.

IV.

MOTION FOR DISMISSAL

Wise's "application" requests this Court to convene a federal grand jury to investigate the federal district judge and other federal agents involved in the prosecution that resulted in Wise's criminal conviction. He also seeks to "present evidence" to the grand jury. However, his requests are unfounded and procedurally erroneous and unnecessary.

As an initial matter, Wise is not permitted to "present evidence" to the grand jury. Wise, as is the case with any citizen, is certainly permitted to send information to the existing grand jury and ask that they review it and consider investigating the matters alleged. This, he apparently has already done. However, it is rather clear

that Wise himself, not meeting the Rule 6(d)(1) requirements, is not permitted to "present evidence" to the grand jury. If the grand jury itself request Wise's present to provide "testimony" on the allegations, then and only then would Wise be permitted to appear before the grand jury. Otherwise, his presence is forbidden by the Rules of Criminal Procedure.

Concerning the request to "convene" a federal grand jury, it is unclear if he is requesting such under Rule 6 or requesting a special grand jury under 18 U.S.C. § 3331. In either scenario, the action is unwarranted. He sent his documents to the Foreman of the Federal Grand Jury, care of the Clerk of the Court in Brownsville, Texas. Based on the grand jury's broad investigative authority, it appears proper to permit the grand jury to view these documents. Of course, whether the grand jury grants any credence to a convicted felons allegations of impropriety by the individuals involved in his criminal prosecution wherein the same allegations have already been raised and rejected by a sitting panel of the appellate court in that very district is within the sole discretion of the grand jury. However, the necessity of this Court summoning a special grand jury for the same purpose is clearly a waste of time and resources. Wise has simply not even made a *prima facie* case for necessitating the summoning of a special grand jury. As it is within this Court's sole discretion to grant or deny such a request, the Government prays that this Court

will deny Wise's request for a special grand jury, if in fact that is what he is requesting. The presently existing grand jury can review his documents and adequately determine if they warrant any additional investigation.

The Government prays that the Court enter an order dismissing Wise's Application to convene a grand jury and denying his request to "present evidence" to the grand jury with the sole exception of testifying before the grand jury if the grand jury so desires.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

By: _____
TONY R. ROBERTS
Assistant United States Attorney
TX Bar No. 17022000
Southern Dist. Tx. No. 26173
1701 W. Business 83, Suite 600
McAllen, Texas 78501-5160
(956) 618-8010

## CERTIFICATE OF SERVICE

I, Tony R. Roberts, do hereby certify that a copy of the foregoing Government's Response to Wise's Application to convene a grand jury and present evident thereto was mailed on August 15, 2003, via certified mail, return receipt requested to:

Johnie Wise
Federal Medical Center
BOP Reg. No. 82281-079
P.O. Box 15330
Fort Worth, Texas 76119-0330


_____
TONY R. ROBERTS
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Respondent, | §<br>§<br>§ | |
| vs. | § | C.R. NO. B-98-415 |
| | § | |
| JOHNIE WISE,<br>    Defendant. | §<br>§<br>§<br>§ | |

## ORDER

Finding that the convening of a special grand jury is unnecessary and that Wise is not a person permitted to present evidence to a grand jury other than as a witness, and then only if the grand jury so requests such, this Court hereby ORDERS that the Government's Motion to Dismiss this Application is GRANTED.

SIGNED this _____ day of _____ 2003.

_____
UNITED STATES DISTRICT JUDGE