IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 9 2003

Michael N. Milby
Clerk of Court

In re: The Application of         §
       Johnie Wise to Convene     §   CR. No. B-03-015
       a Federal Grand Jury       §
_____   §

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COMES NOW the Applicant, JOHNIE WISE, and for his traverse to the Government's Response to Application to Convene a Federal Grand Jury - Motion for Dismissal and Brief, submits the following:

1. The Government assumes too much when it reacts to Applicant's application with a premise that Applicant is seeking an end-around approach to postconviction relief with this application. This is hardly the case at all. Indeed, Applicant is fully cognizable of what constitutes a postconviction remedy and what avenues to follow to advance such proceedings. His application, in the matter <u>sub judice</u>, is about the commission of serious federal crimes by a member of the federal judiciary, a United States Attorney's Assistant, and agents of an agency of the United States. The fact that these crimes have a nexus with the criminal proceedings, which led to the Applicant's wrongful conviction and his unlawful and illegal confinement, is of no consequence here. A crime is a crime regardless of when, where or why it was committed. Equally, it is of no consequence that the criminals who perpetrated the crimes happen to be pillars of the community, individuals who have served to bring civilty to the community, and happen to be members of the Governemnt "servants" league. No one is "above the Law",

as the Assistant United States Attorney here appears to suggest the criminals named in the Application in issue should be. (The tone of the AUSA's response, and the mannerism of his descriptions of the parties, appears to suggest that, the Government's attorney would sanction the criminal conduct alleged in the application because the criminals referred to there committed any such crimes during a judicial proceeding that involved the prosecution of an individual who would, then and there, be declared a criminal himself). The AUSA should remember, "misprison of a felony" is also a erious federal crime.[1] Nevertheless, whether a grand jury is presented with evidence of the alleged crimes, set forth in the Application in issue, or not, the fact that crimes of a serious nature have been committed, and were committed during a judicial proceeding, does not make a case that Applicant's application to convene a grand jury is an end-around postconviction fiasco. Such a scheme should not be considered in determining the matter before the court.

2. The Government's argument that this Court cannot, on application of a private party, convene a grand jury to receive

---

[1] Although the AUSA's oath of office requires him to uphold the laws and Constitution of the United States, and although it is an ethical consideration that the AUSA defend against the transgressions of those laws, it is not proper for him to defend those who do. Here, the AUSA does not state that he reviewed any evidence, relevant to the allegations of crime made in the application, yet he defends those acts because of the nature of when, and why, and by whom, such acts were committed. Before engaging in such defensive dialogue, as an AUSA, he had a duty first to ascertain the validity of the claims and, if such claims proved to be warranted, to take the matter before the grand jury himself. It is bacause of this type of attitude and ship-shod performance by the Goverment's attorneys, that proceedings, such as the instant one, are necessary.

evidence of crimes alleged to have been committed within the distict, because same is foreclosed by statute, is defiant of the First Amendment's right to the people to petition the Government for redress of their grievance. Any statutory law that seemingly forecloses this right is unconstitution, <u>ab initio</u>, and has no place in the American system of justice. They are null and void. Indeed, all laws repugnant it the Constitution are null and void. **<u>Marbury v. Madison</u>**, 5 U.S. 137, 174-176 (1803). Here, the Applicant is merely exercising his First Amendment right. To deny him such right belies a constitutional form of government.

3. If the United States Attorney's office was receptive to presenting to the Grand Juries, without bias or prejudice, a characteristic the AUSA here clearly gives notice of, complaints made by the people of the commission of federal crimes within the District, the statutory schemes currently in place would guide the process constitutionally. However, the Goverment's attorneys are not so receptive, having made themselves the sole presentors and decision makers of what the grand jury should or should not hear, and, therefore, the statutes create a monopoly upon who may, or may not, be represented to the Grand Jury and, when the allegations involve members of the same fraternity, the people are wholly without remedy. Thus, the statutes which foreclose a citizen from accessing, directly, with or without counsel, the Grand Jury, are unconstitutional, violative of the First Article in Amendment, and, therefore, null and void. Nevertheless, Rule 6(a) of the <u>Federal Rules of Criminal Procedure</u>, appear to support the summoning of a grand jury when the "public interest" so requires

it.  Thus, Applicant makes the point.  If the Court convenes a grand jury, it would seem beyond dispute that the United States Attorney's office would subsequently be required to present the case.  When allegations are made that officials within the judicial branch of government have committed federal crimes, the "public interests" would appear to support the use of the Court's power under Rule 6(a).  The United States Attorney's Assistant here simply does not wish to seek prosecution of fellow fraternity members and, therefore, opposes the Court's use of its public interest convening power.

4. The AUSA's contention that Applicant's request for a grand jury investigation into alleged criminal activities involving federal officials involved in the prosecution that resulted in Applicant's criminal conviction are <u>unfounded</u>, <u>procedurally</u>, <u>erroneous</u> and <u>unnecessary</u>, without first looking at any evidence to support the criminal allegations, and without interviewing the Applicant and other witnesses who would give testimony to the commission of such crimes, shows the bias and the prejudice that prevails within the office of the United States Attorney.  Thus, from this lack of professional interest it would seem that there is cause and reason for the convening of a grand jury under Rule 6(a), to protect the First Amendment petition for petition for redress of grievance right of the Applicant, and that a special prosecutor, detached from the Office of the United States Attorney, be appointed to present the allegations made by the Applicant to said grand jury. Indeed, any attorney who would make such a conclusion, as the AUSA

makes here, without first investigating and knowing that no crimes were committed, is certainly not acting in the public's best interest and, therefore, must be serving to protect the fraternal order even to the extent of being ludicrous in doing so. Had the AUSA who prosecuted the Applicant had such a bias in Applicant's favor, Applicant would not be here today seeking to convene a grand jury to cause justice to be visited upon the criminals who caused him to be wrongfully imprisoned. Applicant accepts that he is now imprisoned, and that he has been labeled a convicted felon, his objective now is that those who committed criminal atrosities against him and against his civil rights, to ensure he would be wrongfully convicted without the due process to which he is entitled, be brought to bear the imprisonment they so deserve.

WHEREFORE, PREMISES CONSIDERED, Applicant's application for the convening of a federal grand jury to receive evidence and testimony concerning the commission of federal crimes within this district, should be granted and, a special prosecutor appointed to present said evidence. The presentation made by the AUSA, who prepared and submitted the Government's response herein, is a fraud - "the road goes on forever, and the party never ends." How far will the federal frauds extend before someone in the judiciary takes steps to correct it? Such is the need for public interest grand juries and special prosecutors to present evidence where crimes by members of the federal bureaucracy
//
//

Dated this the 25 day of aug., 2003.

Respectfully submitted,

*Johnie Wise*
Johnie Wise
BOP Reg. No. 82281-079 <u>Dall</u>
Federal Medical Center
P. O. Box 15330
Fort Worth, Texas 76119-0330

Applicant Pro Se Sui Juris

-6-

## CERTIFICATE OF SERVICE

I, JOHNIE WISE, hereby certify that a true and exact copy of the foregoing has, this the 25 day of Aug., 2003, been served on the following:

Tony R. Roberts
Assistant U.S. Attorney
1701 W. Business 83, Ste. 600
McAllen, Texas 78501-5160

by placing a copy of same in the inmate "red" legal mail deposit box at the Federal Medical Center - Fort Worth, Texas, for delivery to the United States Post Office by prison officials, with proper first-class postage and addressing attached thereto.

*Johnie Wise*
Johnie Wise

Applicant Pro Se Sui Juris