IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

DEC 1 8 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | |
|---|---|
| JOHNIE WISE, <br> Applicant, <br><br> VS. <br><br> UNITED STATES OF AMERICA, <br> Respondent. | § <br> § <br> § <br> § <br> §    MISC. ACTION NO. B-03-015 <br> § <br> § <br> § <br> § |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is a Application to Convene a Federal Grand Jury (Docket No. 1) filed by Petitioner, Johnie Wise ("Wise") and a Motion to Dismiss (Docket No. 5) filed by Respondent, the United States. For the reasons stated below, it is recommended that the Application be denied and the Motion to Dismiss be granted.

## I. Background

On August 4, 1998, a Grand Jury in the United States District Court for the Southern District of Texas returned a superseding indictment charging Wise with eight counts of violating 18 U.S.C. §§2332a(a)(2).[1] Then-Assistant United States Attorney, Mervyn Mosbacker, prosecuted the case before United States District Judge Hilda G. Tagle. Wise was convicted by a jury of counts five and six in the case styled, *United States v. Wise* (Criminal Case No. B-98-

---

[1] Section 2332a. Use of certain weapons of mass destruction.
(a) Offense Against a National of the United States or Within the United States. - A person who, without lawful authority, uses, threatens, or attempts or conspires to use, a weapon of mass destruction (other than a chemical weapon as that term is defined in section 229F), including any biological agent, toxin, or vector (as those terms are defined in section 178) -
    (2) against any person within the United States, and the results of such use affect interstate or
    foreign commerce or, in the case of a threat, attempt, or conspiracy, would have affected interstate
    or foreign commerce; or

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

| | | |
|---|---|---|
| JOHNIE WISE,<br>Applicant,<br><br>VS.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | MISC. ACTION NO. B-03-015 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is a Application to Convene a Federal Grand Jury (Docket No. 1) filed by Petitioner, Johnie Wise ("Wise") and a Motion to Dismiss (Docket No. 5) filed by Respondent, the United States. For the reasons stated below, it is recommended that the Application be denied and the Motion to Dismiss be granted.

## I. Background

On August 4, 1998, a Grand Jury in the United States District Court for the Southern District of Texas returned a superseding indictment charging Wise with eight counts of violating 18 U.S.C. §§2332a(a)(2).[1] Then-Assistant United States Attorney, Mervyn Mosbacker, prosecuted the case before United States District Judge Hilda G. Tagle. Wise was convicted by a jury of counts five and six in the case styled, *United States v. Wise* (Criminal Case No. B-98-

---

[1] Section 2332a. Use of certain weapons of mass destruction.
(a) Offense Against a National of the United States or Within the United States. - A person who, without lawful authority, uses, threatens, or attempts or conspires to use, a weapon of mass destruction (other than a chemical weapon as that term is defined in section 229F), including any biological agent, toxin, or vector (as those terms are defined in section 178) -
  (2) against any person within the United States, and the results of such use affect interstate or
  foreign commerce or, in the case of a threat, attempt, or conspiracy, would have affected interstate
  or foreign commerce; or

415). Judge Tagle sentenced Wise to two hundred and ninety-two months imprisonment, five years supervised release and a two hundred dollar special assessment.

Wise then filed an Application for Nunc Pro Tunc Order to Modify Judgment,[2] Motion for Default Judgment,[3] and Motion for Relief from Judgment,[4] which were all denied by Judge Hilda G. Tagle. Wise appealed his case to the Fifth Circuit, which affirmed the judgment of the trial court. *United States v. Wise*, 221 F.3d 140 (5th Cir. 2000), *cert. denied*, 532 U.S. 959, 121 S.Ct. 1488 (2001).

On March19, 2003, Wise filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Northern District of Texas, Fort Worth Division. *Wise v. Fleming*, 2003 WL 21992436 (N.D. Tex. 2003). The cause of action was referred to a Magistrate Judge who recommended that the petition be dismissed with prejudice for lack of jurisdiction. The court found that Wise was challenging his conviction or sentence, which instead must be presented in a motion to vacate in the court of conviction pursuant to a to 28 U.S.C. § 2255.

On June 16, 2003, Wise filed the instant Application to Convene a Federal Grand Jury pursuant to FED. R. CRIM. P. 6, 18 U.S.C. §§ 3331 and 3332, 28 U.S.C. § 1651, the First and Fifth Amendments of the United States Constitution, and "further provisions of the federal law unknown to applicant". Wise addressed his application to the U.S. Attorney's office in care of the Clerk of the Court and requested that the U.S. Attorney's Office forward his request to the

---

[2]*United States v. Wise*, No. B-98-CR-415, Docket No. 271.

[3]*United States v. Wise*, No. B-98-CR-415, Docket No. 275.

[4]*United States v. Wise*, No. B-98-CR-415, Docket No. 278.

Foreman of the Grand Jury so that he may personally present evidence of federal crimes that have been committed. Alternatively, Wise requests that this Court convene a special grand jury so that he may present evidence before it. Wise alleges that a criminal investigation is necessary as Judge Hilda G. Tagle, Mervyn Mosbacker, FBI Agent Church, FBI Agent Sharkey and FBI Informant Cain have committed acts of fraud, obstruction of justice, perjury, abuse of authority, and violations of the oath of office, the U.S. Constitution, and the Racketeering Influenced and Corrupt Organizations Act.

## II. Analysis

### A. Authority to Convene a Grand Jury

#### 1. FED. R. CRIM. P. 6(a) Summoning a Grand Jury

Rule 6(a)(1) states that, "When the public interest so requires, the court must order that one or more grand juries be summoned." Subsection (d)(1) lists the persons that can be present while the grand jury is in session and is limited to "attorneys for the government, the witness being questioned, interpreter when needed, and a court reporter or an operator of a recording device."

The Government argues that Wise is not permitted to present evidence to the grand jury himself, as it is prohibited by Rule 6(d)(1). Only the grand jury can request Wise's presence in order to provide testimony on the allegations.

Wise offers no authority for the proposition that Rule 6 gives him a right to request that the district court convene a grand jury and allow him to present evidence before it. Even if the court did grant Wise's request, subsection (d)(1) does not permit Wise to appear before the grand jury, unless requested to do so.

### 2. 18 U.S.C. §§ 3331(a) and 3332(a)

Federal statutory provisions enable a district court to convene a "special" grand jury. Specifically, section 3331 states that,

> "In addition to such other grand juries as shall be called from time to time, each district court which is located in a judicial district containing more than four million inhabitants or in which the Attorney General, the Deputy Attorney General, the Associate Attorney General or any designated Assistant Attorney General, certifies in writing to the chief judge of the district that in his judgment a special grand jury is necessary because of criminal activity in the district shall order a special grand jury to be summoned at least once in each period of eighteen months unless another special grand jury is then serving."

Legislative history is clear that the United States Code provisions pertaining to special grand juries, created by the Organized Crime Control Act of 1970, were designed to combat "such illegal endeavors as syndicated gambling, loan sharking, the theft and fencing of property, the importation of drugs, and other forms of social exploitation..." associated with organized crime. P.L. 91-452, reprinted in 1970 U.S.C.C.A.N. 1073. It was congressional intent, in enacting this section to provide for a distinctive type of grand jury, limited to districts in which organized crime was deemed to be most prevalent and to encourage citizens to report crimes.

In addition, section 3332 requires that the United States Attorney present information regarding criminal activity to a special grand jury at the request of an individual. Subsection (a) provides that,

> "It shall be the duty of each such grand jury impaneled within any judicial district to inquire into offenses against the criminal laws of the United States alleged to have been committed within that district. Such alleged offenses may be brought to the attention of the grand jury by the court or by any attorney appearing on behalf of the United States for the presentation of evidence. Any such attorney receiving information concerning such an alleged offense from any other person shall, if requested by such other person, inform the grand jury of such alleged offense, the identity of such other person, and such attorney's action or recommendation.

4

There is limited authority interpreting whether this code section creates an enforceable private right. The first court to address the issue was the Southern District of New York. The court in *In re Grand Jury Application*, 617 F.Supp. 199 (S.D.N.Y. 1985), held that the plaintiff was entitled to a writ of mandamus to compel the United States Attorney to present facts concerning alleged criminal wrongdoing to the grand jury. The court noted that, "§3332(a) creates a right in every person to have information known by them concerning organized crime to be presented to the grand jury. It provides two ways for this to occur – either the court may bring it to the grand jury's attention or a United States Attorney can." *Id.* at 206. Regardless of the medium of communication, the court concluded that, "both the language of 18 U.S.C. §3332(a) and its legislative history indicate that Congress intended to remove the prosecutors discretion in deciding whether to present information to the grand jury." *Id.* Plaintiffs in the above case did not seek to compel the U.S. Attorney to prosecute the named defendants, but instead sought to have information presented to the grand jury.

The United States District Court for the District of Columbia also addressed the creation of rights and duties under §§ 3331 and 3332, but came to a different conclusion. In *Simpson v. Reno*, 902 F. Supp. 254 (D.C. 1995) the plaintiffs asserted that they a had a right to have a special grand jury impaneled so that they could appear before it and present evidence of alleged criminal conduct. As there was no special grand jury convened anywhere in the district, the court held that the Attorney General did not have a duty to impanel one merely at the request of the plaintiffs. The *Simpson* court also pointed out that the language of §3332 directs only the Attorney General to present information to a special grand jury. "An individual may appear

5

before a grand jury only at the invitation of the grand jury, the prosecutor or the court of appropriate jurisdiction..." *Id.* at 257. In addition, the plaintiffs in *Simpson*, failed to allege that the criminal conduct was related to organized crime, the investigation of which is the purpose of a special grand jury.

Most recently, the plaintiff in *Sargeant v. Dixon*, 130 F.3d 1067 (D.C. Cir. 1997) sought a writ of mandamus to compel the government attorneys and the district court to present information of prosecutorial misconduct to the grand jury. The court held that the plaintiff lacked standing as he had not suffered any cognizable injury. As an injury is an invasion of a legally cognizable interest, plaintiff argued that they had an interest in prosecution of government officials and in seeing that the laws were enforced, but the court disagreed referencing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 1149-50, 35 L.Ed.2d 536 (1973) (interest in prosecution of another does not support standing). However, the court noted that the plaintiff "lacks standing because he has failed to identify any cognizable injury, not because § 3332 is inherently unenforceable at the instance of a private litigant." *Id.* at 277.

As there is no Fifth Circuit precedent pertaining to the issue in this case, this Court looks to the District of Columbia Circuit for guidance in analyzing Wise's application. First and foremost, Wise requests that he be allowed to present evidence to the grand jury. Under both §3332 and FED. R. CRIM. P. 6(d)(1), it is clear that Wise is not permitted to appear directly before the grand jury or a special grand jury to present information.

In addition, under the holding in *Sargeant*, Wise lacks standing as he has not shown he suffered any injury. Wise does not indicate what his legally cognizable interest is. Insofar as Wise has an interest in collaterally attacking his conviction by convincing a grand jury to indict

the federal officials who wrongfully prosecuted him, the vindication of that interest is insufficient to support standing.

In *Simpson*, the court noted that § 3332 requires the United States Attorney to present information about organized crime to a special grand jury, if such jury is in existence, as the plaintiff has no right to have a jury impaneled simply upon his request. In this case, there is no special grand jury already in existence in the Brownsville Division of the Southern District, therefore Wise has no right to have one convened upon request. Wise has also failed to allege that the actions Judge Hilda G. Tagle, Attorney Mosbacker, or FBI Agents Church, Sharkey, and Cain are in any way linked to organized crime.

Even if Wise were permitted to present information to the grand jury, he has not alleged any evidence to support his allegations other than his bare assertions that the named individuals committed such violations. Wise does not appear to have sufficient information to enable a grand jury to make a probable cause determination.

### 3. 28 U.S.C. § 1651

Commonly referred to as the "All Writs Act", this section authorizes the Supreme Court and all courts established by Act of Congress to issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. This statute has served as a legislatively approved source of procedural instruments designed to achieve the rational ends of law. *Price v. Johnston*, 334 U.S. 266, 282, 68 S.Ct. 1049, 1058, 92 L.Ed. 1356 (1948). The purpose and function of the All Writs Act is to supply the courts with the instruments needed to perform their duty, as prescribed by the Congress and the Constitution, provided only that such instruments are agreeable to the usages and principles of law. *Id.*

It is well settled that relief under the All-Writs Act is not available unless the applicant has shown that he has no other adequate remedy. *In re: Chicago, R.I. & P. Ry.*, 255 U.S. 273, 41 S.Ct. 288, 65 L.Ed. 631 (1921). Courts rely upon All Writs Statute infrequently, because writs are drastic remedies which court should invoke only in extraordinary situations. *Henderson v. Office of Thrift Supervision, Dept. of Tre asury*, 135 F.3d 356 (5th Cir. 1998).

Under § 1651, courts may issue writs of mandamus. The remedy of mandamus is a drastic one to be invoked in only extraordinary situations and writ should issue only when right to relief is clear and indisputable. The party seeking a writ of mandamus must have no other adequate means of attaining the relief that he desires. *Plekowski v. Ralston-Purina Co.*, 557 F.2d 1218, 1220 (5th Cir. 1977). Even if the above requirements are satisfied, issuance of the writ is within sound discretion of the court. Kerr v. U.S. Dist. Court for Northern Dist. of California, 96 S.Ct.2119, 426 U.S. 394, 48 L.Ed.2d 725 (1976).

In this case, Wise has not shown that he has a clear and indisputable right to have a special grand jury impaneled and to present evidence before it. Fifth Circuit authority for Wise's proposition is non-existent and the precedent from other courts is scant and contradictory at best. In addition, there are other means for Wise to attain the relief that he seeks. Wise may present his information to the United States Attorney, which the law requires and which he has already done, who can then make the determination as to whether presentation to the current grand jury is warranted. Wise is not entitled to a writ of mandamus to compel the Court to convene a special grand jury or to compel the United States Attorney to present Wise's information thereto.

### 4. First and Fifth Amendments of the United States Constitution

The Fifth Amendment states that "No person shall be held to answer for a capital, or

otherwise infamous crime, unless on a presentment or indictment of a Grand Jury...". Wise fails to offer any explanation or support as to how the Fifth Amendment entitles him to present information before a grand jury or require the court to convene a special grand jury for that same purpose.

### B. Judicial Immunity

Judges have absolute immunity from lawsuits for judicial acts within their Court's jurisdiction. *Cleavinger v. Saxner*, 474 U.S. 193, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985). This is because of the special nature of a judge's responsibilities within the government. *Butz v. Economou*, 438 U.S. 478, 508-512, 98 S.Ct. 2894, 2911-2913, 57 L.Ed.2d 895 (1988). Absolute immunity for judges exists even if the judicial conduct was in error or exceeded the judge's authority. *Stump v. Sparkman*, 435 U.S. 349, 358, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978). In this case, District Judge Hilda G. Tagle is entitled to absolute immunity from Wise's allegations because she was acting within the scope of her judicial duties.

### III. Recommendation

Wise has failed to show that he is entitled to present evidence before a grand jury or have a special grand jury impaneled upon request.

**IT IS RECOMMENDED** that,

1) Wise's Application to Convene a Federal Grand Jury be **DENIED.**

2) Government's Motion to Dismiss be **GRANTED.**


A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 16th day of December, 2003.

John Wm. Black
United States Magistrate Judge